996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy Ray ISHAM; Ricky Charles O'Brien, Plaintiffs-Appellants,
v.
Jim HART, Ex-Sheriff, Okmulgee County; Barton Williams,
Undersheriff, Okmulgee County; Ron Stange; Philip Adams;
Wally Childress; Bryan Groff; Rufus Abernathy; Shawn
Williams, Defendants-Appellees.
 No. 92-7144.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Tommy Ray Isham and Ricky Charles O'Brien, appellants, are two pro se litigants who appeal an adverse summary judgment. We exercise jurisdiction and affirm.
 
 
 3
 Appellants filed their complaint pursuant to 42 U.S.C. § 1983 asserting that while inmates in the Okmulgee County Jail, they had some personal clothing and money stolen. Appellees subsequently filed a Martinez report showing $20 was missing from Mr. Isham's account and $39 was missing from Mr. O'Brien's account. The report also stated appellants' clothing was found. The report could not account for the missing monies except through negligence and indicated a change in accounting procedures was being made. The report stated the Sheriff had recommended to the County Commissioners that they pay to each of the appellants the amount of money missing. Appellees thereupon moved for summary judgment.
 
 
 4
 Despite one extension, appellants failed to respond or to come forward with evidence demonstrating that something more than negligence was involved. The district court granted appellees' motion for summary judgment and dismissed the case.
 
 
 5
 Appellants appeal pro se asserting: (1) their personal property has not been returned to them; (2) money from other inmates was missing, which proved something more than negligence was involved; and (3) the Sheriff and a number of Sheriff Department employees threatened to have other inmates beat appellants for exercising their legal rights.
 
 
 6
 When we review a summary judgment, we do so de novo and give no deference to the trial court. First Interstate Bank of Denver, N.A. v. Pring, 969 F.2d 891, 895-96 (10th Cir.1992), petition for cert. filed, 61 USLW 3403 (Nov. 16, 1992) (No. 92-854).
 
 
 7
 In the case before us, appellees presented evidence showing appellants' losses were due to appellees' negligence. Appellees essentially made a judicial admission of negligence. Oklahoma's tort law is sufficient to assure compensation to appellants for their loss under these circumstances. Section 1983 does not provide a remedy for every injury but only those stemming from a constitutional or federal law violation. Moreover, despite notice and an opportunity to respond, appellants failed to come forward with evidence in support of their claim. Appellants had the obligation and opportunity to come forward with some evidence showing their losses were caused by something more than mere negligence, and this they failed to do. The fact that appellants are unlearned in the law and proceeding pro se is not sufficient excuse. Upon appeal, we look only to the evidence presented to the trial court and disregard evidentiary assertions made for the first time to this court.
 
 
 8
 We find appellants' third claim, concerning threatened beatings, to be a conclusory allegation without factual support in the record and again note that appellants failed to produce any evidence in response to the appellees' motion for summary judgment.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3